CURTIS, J.
In this proceeding a writ of mandate is sought against the respondent, Arlin E. Stockburger, as director of finance, commanding him to refrain from receiving any bids, and requiring him to keep sealed and unopened any bids received by him for the leasing of certain lands of the state under the provisions of chapter 304, Statutes of 1937, until said measure has been approved by the voters of the *652 state under the referendum provision of section 1, article IV of the Constitution of this state. It is alleged in the petition herein that within ninety days from the adjournment of the 1937 legislature a referendum petition in due and legal form was signed by the required number of qualified voters of the state asking that said act of the legislature be submitted to the electors of the state for their approval; that within said period of time, said petition was filed in the office of the secretary of state, and said officer has issued his certificate showing that said petition for referendum had qualified as a measure to be submitted to the voters of the state; that notwithstanding the signing and filing of said referendum petition and the issuance of said certificate by the secretary of state that the same was sufficient and had qualified as a referendum petition, the respondent has continued to act under said statute, known as chapter 304, and will open sealed bids for the leasing of said state oil lands and will proceed to execute leases for the same unless restrained by this court. To this petition, the respondent has filed a general demurrer.
The only point involved in this proceeding is whether chapter 304 is an urgency measure and therefore went into effect immediately upon its adoption, or whether it is subject to the referendum provision of the Constitution of the state. This same point was raised and considered in the two proceedings entitled, Stockburger v. Jordan, L. A. No. 16472 and Stockburger v. Riley, L. A. No. 16473 (ante, p. 636 [76 Pac. (2d) 671]), this day decided. In these two proceedings, it was held that chapter 304, Statutes of 1937, was not an urgency measure and, therefore, as a referendum petition, adequate in form and signed by the required number of electors of the state, had been filed against said measure, the same was ineffective until it had been approved by the vote of the/ electors of the state and the result of said election announced by the secretary of state. It follows from the holding in those proceedings that the respondent herein has no authority to proceed under the provisions of chapter 304 until the approval of said measure by a vote of the people of the state and five days after the announcement of the result of said vote by the secretary of state.
Let the peremptory writ issue as prayed for.
Langdon, J., Waste, C. J., Shenk, J., and Edmonds, J., concurred.